UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>v.<br>BILLY BEASLEY,<br>　　　　Defendant. | No. PO-11-4004-JPH<br><br>ORDER DENYING DEFENDANT'S ORAL MOTION TO DISMISS (ECF 28) |

## **INTRODUCTION**

This matter came on for a pre-trial conference on July 25, 2011. The plaintiff was represented by AUSA intern Brad Fjeldheim. The defendant appeared pro se.

At the outset of the hearing, the Defendant advised that he wished to enter into a "plea bargain" and that if the Court would hear two issues he wished to raise, the matter might be concluded. The Defendant was granted leave to proceed and read his statement into the record, which the Court has construed as an oral motion to dismiss. The Plaintiff asked for time to respond and the Court granted that request. Plaintiff has now filed its Response (ECF 31) and the Court is fully informed.

## **CHARGES**

Defendant is charged by Petty Information (ECF 1) in Count 1 as follows:

> Maintaining any kind of road, trail or significant surface disturbance on National Forest System lands without a special-use authorization, contract, or approved operating plan when such authorization is required in violation of 36 C.F.R. § 261.10(a).

ORDER DENYING DEFENDANT'S ORAL MOTION TO DISMISS  - 1

and in Count 2 as follows:

> Using any type of vehicle prohibited by Order 706, by driving a light commercial sized tractor on Forest Service Road 5400 in violation of 36 C.F.R. § 261. 54(a).

## **FACTS**

During the winter months Forest Service Road ("FSR") 5400 is closed to vehicle travel and used in conjunction with the Crystal Springs Sno-Park, a Washington State operated winter trail system open to snowmobiles, dog sledders, cross-country skiers, and snowshoers. In 2010, the road closure was effected in National Forest System Roads and Trails Order No. 706 ("Order 706"). Order 706 expressly applies to FSR 5400, and prohibits the use of any motorized vehicle except snowmobiles on any National Forest System road, route, or trail designated as part of a groomed trail system. The order was signed and took effect on January 21, 2010, and was posted on approximately December 1, 2010, on a road closure sign along FSR 5400 where the closure began. The majority of FSR 5400 runs across land owned by the Forest Service. A small portion of the road (about 1/3 of a mile) rests on private land but the Forest Service owns a right-of- way easement for this portion. That right-of-way grants the Forest Service the right to regulate and maintain FSR 5400. The incident that led to the filing of the Petty Information occurred on the section of FSR 5400 where that easement is effective.

On December 25, 2010, at approximately 8:00 p.m., Ian Canaan, an off-duty Forest Service Law Enforcement Officer, was riding a privately-owned snowmobile near the Crystal Springs Sno-Park accompanied by three other people.

Officer Canaan came upon the Defendant on FSR 5400 just Northeast of the intersection of FSR 5400 and FSR 5480. The Defendant was driving a small commercial-sized tractor with a snowblower attachment on FSR 5400, which was then a groomed trail in conjunction with the Crystal Springs Sno-Park. The

ORDER DENYING DEFENDANT'S ORAL MOTION TO DISMISS  - 2

1  Defendant had already cleared the snow from a portion of FSR 5400 down to the
2  road surface and was in the process of blowing more snow.
3     Upon being asked, Defendant admitted he was plowing the road. Officer
4  Caanan identified himself as a Forest Service law enforcement officer and told the
5  Defendant he would investigate the circumstances and if appropriate initiate a
6  citation. Defendant advised he wanted the Forest Service to give him a ticket.
7     Plaintiff filed the present Petty Information on March 11, 2011. Defendant
8  does not deny he was the person identified as driving the small commercial-sized
9  tractor and plowing FSR 5400 on the evening in question.

## ORAL MOTION TO DISMISS

11    Defendant's first basis for dismissal is that he was given a citation for
12 violating Closure Order 676. In fact, Defendant is charged here with a violation of
13 Closure Order 706 by Petty Information. There is no evidence in the record that
14 Defendant did receive a citation for violation of Closure Order 676. If, in fact,
15 Defendant was cited for violating Closure Order 676, that citation for events
16 occurring on December 25, 2010, has been superseded by the filing of the Petty
17 Information.
18    Defendant's second basis for dismissal is his allegation that Closure Order
19 706 was not signed by a person authorized to sign such orders, i.e. a Forest
20 Supervisor. See 36 CFR 261.50(a). The Plaintiff has presented a copy of Order
21 No. 706 as Ex. B-1. That Closure Order plainly identifies the person signing the
22 Order as "Rebecca Lockett-Heath, Forest Supervisor for the Okanogan-
23 Wenatchee National Forest". The exhibit establishes, *prima facie*, that the Closure
24 Order was signed by a person with authority to do so. Defendant has not rebutted
25 that authority.
26    The Defendant's final basis for dismissal is that his neighbor, Pat O'Conner,
27 asked him to plow one lane of FSR 5400, for a distance of 500 feet, from
28 O'Conner's house to the Kittitas County Fire District #8 fire house. Mr. O'Conner is

ORDER DENYING DEFENDANT'S ORAL MOTION TO DISMISS  - 3

allegedly elderly and has a heart condition and believes such a plowed path from his home to the fire house would allow EMTs and other first responders to more quickly react if there was a medical emergency. Mr. O'Conner apparently owns the fee title to the land underlying this portion of FSR 5400, subject to existing easements and rights-of-way.

The Plaintiff responds that it has an easement deed dated March 29, 1965, from the Northern Pacific Railway Company. Ex. C. The 1965 Deed conveys to the United States:

> "an easement and rights-of-way for roads to be located, constructed, reconstructed, improved, used, operated, patrolled and maintained, over, upon, along and across" several locations. The rights-of-way include "66 feet in width or wider as may be necessary to accommodate needed cuts and fills." Section one of the 1965 Deed addresses the location of FSR 5400.

As established by the easement, and by his own admission, the Defendant plowed on Forest Service roads subject to the Plaintiff's right to regulate and, in this case, close. And, although there is a dispute over whether the Defendant undertook this plowing for humanitarian and "life safety" reasons, or, as the Plaintiff believes, to antagonize the Forest Service, that dispute is immaterial to the validity of the offenses charged here.

During the winter months, FSR 5400 is groomed and maintained in conjunction with the Crystal Springs Sno-park, and is available only for the use of snowmobiles, cross country skiing and dog sleds. *See* Plaintiff"s Exhibits A, C, D, E, F. The Defendant's unauthorized plowing of the road could just as well cause harm to persons operating a snow mobile by causing an unforeseen hole in the snowmobile trail. The Defendant's rationale that he committed the offenses without criminal intent and in an effort to preserve "life safety" may have some effect at disposition of the case, but is not available to aid him in the present motion.

ORDER DENYING DEFENDANT'S ORAL MOTION TO DISMISS  - 4

The Defendant's oral Motion to Dismiss (ECF 28) is **DENIED**.

## **DISPOSITION**

The Court has been made aware during the progress of this case that there has been a long standing dispute between Defendant and the Forest Service. Defendant acknowledged at the pre-trial conference that this case is the "wrong" forum in which to air his grievances with the Forest Service. He further indicated that if the Court did not grant the oral motion to dismiss that he was agreeable to changing his plea and proceeding to a disposition of the offenses. The Court is willing to hear further proceedings telephonically in an effort to save the parties time and expense but advises the Defendant that he has the right to appear personally for any future hearing.

The Court sets **Friday, August 12 at 11:00 a.m.** for a telephonic Status Conference/ Change of Plea and Disposition.

DATED this 1st day of August, 2011.

                s/ JAMES P. HUTTON
                JAMES P. HUTTON
  UNITED STATES MAGISTRATE JUDGE

ORDER DENYING DEFENDANT'S ORAL MOTION TO DISMISS  - 5